

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| WILLIAM WASHINGTON, | § § | |
| Petitioner, | § § | |
| vs. | § § | Civil Action No. 9:14-2244-MGL-BM |
| WARDEN CARTLEDGE, | § § § | |
| Respondent. | § § § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND SUMMARILY DISMISSING THE PETITION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the petition be summarily dismissed without prejudice and without requiring Respondent to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

The Magistrate Judge filed the Report on June 24, 2014. ECF No. 9. Here is a summary of Petitioner's submissions to the Court after the Report was filed:

| | |
|---|---|
| July 7, 2014 | The Clerk of Court filed Petitioner's first set of objections to the Report. ECF No. 11. |
| July 9, 2014 | The Clerk of Court filed Petitioner's second set of objections to the Report. ECF No. 13. |
| July 10, 2014 | The Clerk of Court field Petitioner's third set of objections to the Report. ECF No. 14. |
| July 14, 2014 | The Clerk of Court filed Petitioner's final set of objections to the Report. ECF. No. 15. |
| October 20, 2014 | The Clerk of Court for the Fourth Circuit entered Petitioner's 28 U.S.C. § 2244 for an order authorizing this Court to consider a successive motion for relief under 28 U.S.C. § 2254. The Fourth Circuit denied the motion. |
| November 12, 2014 | The Clerk of Court filed Petitioner's declaration reminding the Court of its responsibility to address miscarriages of justice under 28 U.S.C. § 2243. ECF No. 17. |
| November 23, 2015 | The Clerk of Court filed Petitioner's reply to the Court's order to brief it on the applicability of *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015) to his § 2241 petition. ECF No. 33. |

Petitioner sent an additional fourteen letters to the Court requesting docket sheets and status updates.

The Court has carefully considered Petitioner's objections and correspondence but holds them to be without merit. Therefore, it will enter judgment accordingly.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Here, Petitioner presents nothing in his many submissions that convince the Court the Magistrate Judge erred in recommending the Petition be dismissed.

Petitioner is unable to successfully contradict the Magistrate Judge's core suggestion the Court lacks jurisdiction over this case due to Petitioner's failure to adhere to the procedural rules set forth for filing successive claims under 28 U.S.C. § 2254. Petitioner's claims, while filed under § 2241, are more properly addressed under § 2254, as § 2254 specifically provides for prisoners charged under state criminal codes to file a writ of habeas corpus in a federal court. *See* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). As the Magistrate Judge explains, Petitioner cannot escape the procedural requirements of a § 2254 claim by praying for relief under § 2241. *See* ECF No. 9 at 4 ("Petitioner cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition . . . If this were not the case, then 'a state prisoner could simply opt out of its [2254] operation by choosing a different label for his petition.'") (citation omitted).

Petitioner, who has previously filed two § 2254 claims in this Court, is required to seek authorization for his claim from the appropriate federal appellate court before he may file a successive writ of habeas corpus in federal district court. Barring such permission from the Fourth Circuit, this Court lacks jurisdiction over the successive § 2254 claim. *See United States v.*

*Winestock*, 240 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). At the time of the Report, Petitioner had sought no such authorization from the Fourth Circuit Court of Appeals. As noted above, after the Magistrate Judge filed the Report, Petitioner filed a motion with the Fourth Circuit under 28 U.S.C. § 2244 for an order authorizing this Court to consider a successive application for relief under § 2254. That motion was denied, which has the effect of denying this Court's jurisdiction and curbing any chance Petitioner might have to seek relief under § 2254.

Even if a § 2241 claim had been appropriate, however, Petitioner's action would be barred because he failed to satisfy the exhaustion requirements before filling his § 2241 petition. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1993) (explaining exhaustion of state remedies is required before filing a § 2241 petition).

At the time of the Report, Petitioner had a pending state court application for post-conviction relief (PCR). *See* ECF No. 9 at 6 ("Petitioner acknowledges that he has a pending state court application for post-conviction relief"). The state court dismissed the action on February 16, 2017. *See http://publicindex.sccourts.org/Florence/PublicIndex/CaseDetails.aspx?County=21&CourtAgency=21002&Casenum=2013CP2102371&CaseType=V&HKey=7399122 486774115751008668106859797781025411552115771024711565505669849712084851147286 1187789989085* (last visited on June 29, 2017).

Although the state court dismissed Petitioner's state petition after Petitioner filed this action, his failure to adhere to the exhaustion requirements before he filed his § 2441 petition would keep this Court from entertaining his claim if it were properly before it.

4

In an abundance of caution, the Court has made a de novo review of the entire record. After having done so, the Court remains convinced dismissing the petition without prejudice and without requiring Respondent to file a return is proper. Therefore, the Court will overrule Petitioner's objections.

The Court notes its delay in deciding this case was based upon its waiting for the Fourth Circuit to issue a decision from its March 23, 2016, en banc argument of *United States v. Surratt*, No. 14-6851. A decision on the merits of *Surratt* had the potential of modifying the § 2241 jurisprudence in this circuit. In lieu of issuing a merits based decision, however, the court held the issues presented in the case were moot because of President Obama's commutation of Surratt's sentence. The Fourth Circuit issued its mandate in *Surratt* on June 13, 2017.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

To the extent Petitioner requests a certificate of appealability from this Court, that Certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 10th day of July, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.